# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

KURTIS LEE BROWN, )
)
    Petitioner, )
)
v. ) Case No. CV414-223
)
WARDEN BRAD HOOKS, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

In its last Order the Court directed Kurtis Lee Brown to affirm, under penalty of perjury, the validity of the name he used in filing this 28 U.S.C. § 2254 case:

> Brown therefore must show this Court that he has legally changed his name to the name now appearing on doc. 1 at 1: "K/Curtis-Lee: Brown." He has 21 days from the date this Order is served to submit that proof. If the Court determines that Brown has been lying about his true name to obtain a litigation benefit . . . then it will consider imposing sanctions or referring this matter to the United States Attorney for prosecution.

Doc. 3 at 3. Brown had every incentive to avoid the successive-filing doctrine, given his prior, unsuccessful § 2254 petition. *Brown v. Sellars*, CV412-153, doc. 12 (S.D. Ga. Aug. 10, 2012) (judgment dismissing it as

time barred); *see also id.* doc. 1 at 1 n. 1 (warning Brown *not* to play games with his name).

The Court also directed him to re-apply for leave to proceed *in forma pauperis* (IFP), and affirm the Certification's authenticity while complying with the Court's account statement requirement. *Id.* at 4. It warned that his "[f]ailure to comply with these directions within 21 days will result in a recommendation that his case be dismissed under Fed. R. Civ. P. 11 and 41(b)." *Id.* at 5.

Brown has failed to comply. His 23-page "Letter of Inquiry," bearing his "Formal Sovereign Oath of Renunciation," doc. 4 at 4, is sheer nonsense. Therefore, the Court has amended the caption of this case to reflect the name the Georgia Department of Corrections uses (*see* doc. 3 at 6): Kurtis Lee Brown. All subsequent filings shall conform. Furthermore, his petition should be **DISMISSED** under Rules 11 and 41(b), and the Court may wish to consider referring this matter to the U.S. Attorney for prosecution.[1]

---

[1] Lying under oath, either live or "on paper," is illegal and may result in a separate prosecution for perjury. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribed to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that

2

Meanwhile, Brown has sent in a *somewhat* updated prison account form, doc. 5, but signed it using yet another (and equally nonsensical) form of what the Court will accept -- for motion processing purposes -- as his name ("K/Curtis See B UCC-308"). *Id.* at 2. The form nevertheless shows that he is indigent and unable to pay his $5 filing fee, so his *IFP* motion (doc. 2) is **GRANTED**.

**SO REPORTED AND RECOMMENDED** this 10TH day of December, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, No. CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009; *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012). Again, the Court has warned Brown about materially misleading this Court about his name and thus needlessly consuming its resources. *Sellars*, CV412-153, doc. 1 at 1 n. 1. Perhaps an additional conviction will convince him to stop.