IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KURTIS LEE BROWN, )
)
Petitioner, )
)
v. ) CASE NO. CV414-223
)
WARDEN BRAD HOOKS, Johnson )
State Prison, )
)
Respondent. )

## ORDER

Before the Court is Petitioner's "Affidavit to Vacate Void Judgments and Orders," which this Court construes as a Federal Rule of Civil Procedure 60(b) motion. (Doc. 12.) Federal Rule of Civil Procedure 60(b) permits the Court to relieve a party from a final judgment, order, or preceding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Petitioner requests that this Court vacate as void all orders that "adjudicate him 'a state prisoner.'" (Id. at 1.)

After a careful review of Petitioner's motion and the record in this case, the Court concludes that Petitioner is not entitled to relief under Rule 60(b). To the extent that Petitioner is attempting to file a 28 U.S.C. § 2254 petition, Petitioner has already filed a habeas petition (Doc. 1), making the instant petition successive. This Court may only entertain a second or successive habeas corpus petition after a petitioner receives certification from the Eleventh Circuit Court of Appeals allowing the petition. 28 U.S.C. § 2244(b)(3)(A). Under Eleventh Circuit Rule 22-3(a), Petitioner must file an "Application for Leave to File a Second or Successive Habeas Corpus Petition" with the Eleventh Circuit, using the form provided by the Eleventh Circuit Clerk of Court, before filing a second or successive petition in this Court. To the extent that Petitioner's motion could be construed as a 28 U.S.C. § 2254 petition, this Court is precluded from ruling on Petitioner's motion until he receives the required certification from the Eleventh Circuit. Accordingly, Petitioner's motion (Doc. 12) is **DENIED**.

SO ORDERED this 28th day of March 2019.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA